IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ANIKA BLANKENBURG and SASCHA BLANKENBURG, | * * * * | |
| Plaintiffs, | * * | CV 122-156 |
| v. | * * | |
| FORT GORDON SPOUSES AND CIVILIAN CLUB, INC., KIRA SANDERS, KATHLEEN HERSEY, LORI PFLIEGER, REBECCA PAPKE, JANE DOE, and JOHN DOE, | * * * * * * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court is Defendant Lori Pflieger's motion to dismiss (Doc. 4) and Plaintiffs' motion for leave to file their first amended complaint (Doc. 18). For the following reasons, Defendant Pflieger's motion is **DENIED AS MOOT** and Plaintiffs' motion is **GRANTED**.

Plaintiff may no longer amend her complaint as a matter of course. See FED. R. CIV. P. 15(a)(1). Thus, Plaintiff "may amend [her] pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Defendants have not provided written consent. Therefore, Plaintiffs may only amend with the Court's leave.

District courts are given "extensive discretion" to decide whether to allow an amended complaint. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) (citation omitted). In exercising its discretion, the Eleventh Circuit has set forth five factors for the district court to consider: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of allowance of the amendment," and (5) "futility of amendment." Seiger ex rel. Seiger v. Philipp, 735 F. App'x 635, 637 (11th Cir. 2018) (quoting Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009)). However, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) (citation omitted).

Here, the Court finds no reason to deny Plaintiffs' motion. Although Defendant Pflieger responded to the motion, she states that "given the liberal pleading standard enunciated by [Federal Rule of Civil Procedure 15], and for the sake of judicial economy, [she] does not object to allowing Plaintiffs to amend their complaint." (Doc. 20, at 2.) No other Defendants opposed the motion. Additionally, there is no evidence that Plaintiffs have

2

acted in bad faith or that the amendment would be futile or subject Defendants to unfair prejudice.

Based on the foregoing, the Court **GRANTS** Plaintiffs' motion for leave to file their amended complaint (Doc. 18). Plaintiffs **SHALL FILE** their amended complaint as a stand-alone entry on the docket within **SEVEN (7) DAYS** of this Order. The amended complaint will supersede the original complaint in its entirety. Accordingly, Defendant Pflieger's motion to dismiss (Doc. 4) is **DENIED AS MOOT**. This does not prejudice Defendant Pflieger's ability to file a motion to dismiss the amended complaint, if appropriate.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of April, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3