IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ANIKA BLANKENBURG and SASCHA      *
BLANKENBURG,                      *
                                  *
                                  *
     Plaintiffs,                  *
                                  *        CV 122-156
                                  *
          v.                      *
                                  *
FORT GORDON SPOUSES AND           *
CIVILIAN CLUB, INC.; KIRA         *
SANDERS; KATHLEEN HERSEY;         *
LORI PFLIEGER; REBECCA            *
PAPKE; JANE DOE; and JOHN         *
DOE,                              *
                                  *
     Defendants.                  *

                    _____

                      O R D E R

                    _____

     Before the Court are Plaintiffs' motion for leave to file a
second amended complaint (Doc. 27), Defendant Lori Pflieger's
second motion to dismiss and second motion for more definite
statement (Doc. 30), and Plaintiffs' motion for leave to file out
of time their first amended complaint (Doc. 33)[1]. For the following
reasons, Plaintiffs' motion for leave to file their second amended
complaint (Doc. 27) is **GRANTED**, Defendant Pflieger's motion to

---

[1] The purpose of Plaintiffs' filing (Doc. 33) is not entirely clear.  In this
filing, Plaintiffs argue the Court should grant them leave to file out of time
their first amended complaint while also raising additional arguments concerning
their motion to file their second amended complaint and Defendant Pflieger's
second motion to dismiss.  (Id. at 1.)  The Court interprets this filing as
both a motion for leave to file out of time and a reply to Defendant Pflieger's
response in opposition to Plaintiffs' second motion for leave to amend.

dismiss (Doc. 30) is **DENIED AS MOOT**, and Plaintiffs' motion for leave to file out of time their first amended complaint (Doc. 33) is **DENIED AS MOOT**.

## I. BACKGROUND

On October 31, 2022, Plaintiffs filed their original complaint in the Superior Court of Columbia County, Georgia seeking to recover for injuries allegedly suffered on January 22, 2021 while working at the Fort Gordon Thrift Shop, which is operated by Defendants. (Doc. 1-1, at 8-9.)  On December 16, 2022, Defendant Pflieger removed this action on the basis of federal-question jurisdiction. (Doc. 1, at 3.)  On December 22, 2022, Defendant Pflieger filed a motion to dismiss under Rule 12(b)(6) and motion for more definite statement under Rule 12(e). (Doc. 4, at 1.)

Prior to filing their original complaint, Plaintiffs filed preliminary notice with the United States of their claim under the Federal Tort Claims Act ("FTCA") on September 6, 2022. (Doc. 27-2.)  During the January 5, 2023 Rule 26(f) conference, Plaintiffs indicated they "anticipate[d] moving to amend the complaint and add the United States as a party to this action in March of 2023 [and] . . . [t]he United States cannot be added as a party yet, as they have been served with a preliminary notice and suit is barred until that notice expires in March." (Doc. 13, at 2.)  For this reason, Plaintiffs requested the deadline for filing motions to

add or join parties or amend pleadings be "extended to 90 days after the date of th[e] Court's entry of the Scheduling Order" as "this deadline ensures that the motion will be timely." (Id. at 3.) The Court entered a scheduling order on January 6, 2023, which set April 6, 2023 as the last day for filing motions to amend or add parties. (Doc. 14, at 1.)

Plaintiffs moved for leave to file a first amended complaint on January 18, 2023, in which they sought to add to their pleadings but did not seek to add the United States as a party. (Doc. 18.) On April 11, 2023, the Court granted Plaintiffs' motion for leave to file their first amended complaint and denied Defendant Pflieger's first motion to dismiss and for a more definite statement as moot. (Doc. 26, at 3.) The Court directed Plaintiffs to file their amended complaint within seven days of its Order. (Id.)

The same day the Court granted Plaintiffs leave to file a first amended complaint, Plaintiffs filed a second motion for leave to amend their complaint. (Doc. 27.) On April 25, 2023, Defendant Pflieger responded in opposition to Plaintiffs' second motion (Doc. 31) and filed a second motion to dismiss the original complaint and for more definite statement, as no amended complaint had been filed (Doc. 30). On May 5, 2023, Plaintiffs replied to Defendant Pflieger's second motion to dismiss and motion for more definite statement and filed a motion for an extension of time to

3

amend.  (Docs. 34, 33.)  Defendant Pflieger responded in opposition to Plaintiffs' motion for extension of time on May 8, 2023.  (Doc. 42.)

## II. DISCUSSION

Plaintiffs move for leave to amend their complaint under Federal Rule of Civil Procedure 15(a).  (Doc. 27, at 1.)  But, because Plaintiffs' motion to amend was filed after the scheduling order's deadline, they must first demonstrate good cause under Rule 16(b) before the Court will consider whether amendment is proper.  Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419, 1418 n.2 (11th Cir. 1998) ("[W]hen a motion to amend is filed after a scheduling order deadline, [Federal Rule of Civil Procedure] 16 is the proper guide for determining whether a party's delay may be excused.").  "[I]n order to ensure the orderly administration of justice, [the court] has the authority and responsibility to set and enforce reasonable deadlines."  Lowe's Home Ctrs., Inc. v. Olin Corp., 313 F.3d 1307, 1315 (11th Cir. 2002) (citations omitted).  "If [the Court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."  Sosa, 133 F.3d at 1419.  Rule 16(b)(4) states, "[a] schedule may

be modified only for good cause and with the judge's consent."
FED. R. CIV. P. 16(b)(4).

Plaintiffs filed their second motion to amend after the
applicable amendment deadline set forth in the scheduling order.[2]
Given the timing of this motion, "Rule 16 is the proper guide for
determining whether [Plaintiffs'] delay may be excused," Sosa, 133
F.3d at 1418 n.2, and, therefore, the appropriate inquiry is
whether Plaintiffs have shown good cause for the delay in filing
their motion. FED. R. CIV. P. 16(b)(4). The good cause standard
"precludes modification [of the scheduling order] unless the
schedule cannot be met despite the diligence of the party seeking
the extension." Sosa, 133 F.3d at 1418 (internal quotation marks
and citations omitted).

> The lack of diligence that precludes a finding of good
> cause is not limited to a plaintiff who has full
> knowledge of the information with which it seeks to amend
> its complaint before the deadline passes. That lack of
> diligence can include a plaintiff's failure to seek the
> information it needs to determine whether an amendment
> is in order.

---

[2] The January 6, 2023 Scheduling Order set April 6, 2023 as the last day for
filing motions to amend or add parties. (Doc. 14, at 1.) Plaintiffs filed one
timely motion for leave to amend (Doc. 18), which was granted by the Court on
April 11, 2023, and the Court instructed Plaintiffs to file their first amended
complaint within 7 days. (Doc. 26, at 3.) Plaintiffs contend they "mistakenly
assumed, by filing on the same day as the [Court's April 11, 2023 Order] that
the filing of the Motion for Leave to File the Second Amended Complaint would
satisfy and eliminate the need . . . to file the First Amendment [sic]
Complaint." (Doc. 33, at 2.) The Court notes for Plaintiffs' benefit and the
record that granting leave to file an amended complaint as a standalone entry
does not modify the Court's previous scheduling orders unless the Court
expressly indicates as much.

S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 n.3 (11th Cir. 2009). Indeed, "[i]f [a] party was not diligent the [good cause] inquiry should end." Sosa, 133 F.3d at 1418 (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Plaintiffs fail to present any evidence or other legal grounds to demonstrate that despite *diligent* efforts the new claims and new defendant could not have been added within the scheduling deadline. Indeed, the record indicates Plaintiffs were fully aware the United States needed to be added as a party in January 2023 and could have added the United States as a party a month prior to the expiration of the applicable deadline. (See Doc. 27, at 1; Doc. 33, at 4; Doc. 13, at 2.) Plaintiffs' arguments that it took them until April 11, 2023 to work through produced documents and complete research as to potential claims is not at all persuasive to demonstrate good cause. (Doc. 33, at 4); see Romero v. Drummond Co., 552 F.3d 1303, 1319 (11th Cir. 2008) (affirming the district court's ruling that plaintiffs failed to show good cause for amendment under Rule 16 when they "were not diligent in ascertaining the law before filing and twice amending their complaint"); see also Northstar Marine, Inc. v. Huffman, No. 13-0037, 2014 WL 3894076, at *1 (S.D. Ala. Aug. 8, 2014) (finding good cause was not demonstrated under Rule 16 when defendants were delayed in seeking leave to amend their answer due to research

"because defendants had failed to demonstrate that, despite their diligence, such research could not have been performed sooner"). Moreover, if Plaintiffs needed additional time — and it is apparent to the Court they knew they did prior to the deadline — they could have requested an extension of time before the deadline passed but chose not to do so.   Therefore, the Court finds Plaintiffs have failed to show good cause as to why the deadline for filing motions to amend could not be met.

Additionally, Plaintiffs contend the United States is a "necessary party" under Rule 19.   (Doc. 33, at 4.)   Under Federal Rule of Civil Procedure 19(a), the Court shall join someone as a party to the action if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a).

Plaintiffs do not meet the requirements of Rule 19.   The FTCA "allows the government to be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government."   Suarez v. United States, 22 F.3d 1064, 1065

(11th Cir. 1994). As a predicate to bringing an FTCA action, a plaintiff must show the defendant is a federal employee based on federal law and the employee was acting within the scope of his employment. 28 U.S.C. § 1346(b)(1). In their proposed second amended complaint, Plaintiffs do not allege Defendants are employees of the United States, but rather are private civilian parties operating a business on federal property. (Doc. 27-1, at 2.) Thus, the United States is not a necessary party for Plaintiffs to proceed against and fully recover from Defendants.

Nonetheless, Plaintiffs argue "[a]dding the Government as a party Defendant will prevent duplication of discovery and other pretrial activities." (Doc. 33, at 5.) The FTCA contains a mandatory six-month administrative investigation and settlement period. 28 U.S.C. § 2675. The mandatory filing of an administrative claim within the two-year statute of limitations tolls the statute of limitations until the agency to which it was presented mails a final decision. Id.; (see also Doc. 27-2, at 1.) Plaintiff filed their preliminary notice with the United States within the applicable two-year statute of limitations. (See Doc. 27-2.) At this time, based on the filings presented to the Court, the United States has not yet issued a final administrative action on Plaintiffs' claims. (See id.) Thus, the statute of limitations has not yet run on Plaintiffs' claims against the United States. If Plaintiffs are denied leave to amend their

8

complaint in this action, then they may initiate a separate action against the United States based on the same facts.

Under these circumstances, the Court concludes it would be in the interest of judicial economy to allow Plaintiffs to amend as doing so would prevent duplicative burdens on the Parties and the Court.   See Nelson v. Adams USA, Inc., 529 U.S. 460, 466 (2000) ("The propriety of allowing a pleading alteration depends not only on the state of affairs prior to amendment but also on what happens afterwards."); Martorella v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2006-1, No. 12-80372-CIV, 2014 WL 12779556, at *2 (S.D. Fla. Sept. 18, 2014) ("It is also appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." (citing Zenith Radio Corp. v. Hazeltine Rsch., Inc., 401 U.S. 321, 329 (1971)).   Thus, the Court, reluctantly, will grant Plaintiffs leave to file their second amended complaint.   The Court notes, however, that this leave to file their second amended complaint as a standalone filing is just that, and Plaintiffs are reminded that failure to follow Court order may result in penalties up to and including dismissal of their case.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file their second amended complaint (Doc. 27) is **GRANTED**.

Plaintiffs **SHALL FILE** their second amended complaint as a standalone entry on the docket within **SEVEN (7) DAYS** of this Order. The second amended complaint will supersede the original complaint in its entirety. Accordingly, Defendant Pflieger's second motion to dismiss (Doc. 30) and Plaintiffs' motion for leave to file out of time (Doc. 33) are **DENIED AS MOOT**. This does not prejudice Defendant Pflieger's ability to file a motion to dismiss the second amended complaint, if appropriate.

    **ORDER ENTERED** at Augusta, Georgia, this 15th day of December, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA