IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ANIKA BLANKENBURG and SASCHA BLANKENBURG, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 122-156 |
| FORT GORDON SPOUSES AND CIVILIAN CLUB, INC.; KIRA SANDERS; KATHLEEN HERSEY; LORI PFLIEGER; REBECCA PAPKE; JANE DOE; JOHN DOE; and UNITED STATES OF AMERICA, | * * * * * * * * | |
| Defendants. | * * | |

**O R D E R**

Before the Court are Defendant Lori Pflieger's third motion to dismiss (Doc. 52) and Defendant United States of America's (the "United States") motion for a more definite statement or alternatively to dismiss (Doc. 69). For the following reasons, the United States' motion is **GRANTED IN PART** and **DENIED AS MOOT IN PART** and Defendant Pflieger's motion is **DENIED AS MOOT**

**I. BACKGROUND**

On October 31, 2022, Plaintiffs filed their original complaint in the Superior Court of Columbia County, Georgia seeking

to recover for injuries allegedly suffered on January 22, 2021 while working at the Fort Gordon Thrift Shop, which is operated by Defendants. (Doc. 1-1, at 8-9.) On December 16, 2022, Defendant Pflieger removed this action based on federal-question jurisdiction. (Doc. 1, at 3.) On December 22, 2022, Defendant Pflieger filed a motion to dismiss under Rule 12(b)(6) and for more definite statement under Rule 12(e). (Doc. 4, at 1.)

Plaintiffs moved for leave to file a first amended complaint on January 18, 2023. (Doc. 18.) On April 11, 2023, the Court granted Plaintiffs' motion for leave to file their first amended complaint and denied Defendant Pflieger's first motion to dismiss and for a more definite statement as moot. (Doc. 26, at 3.) The Court directed Plaintiffs to file their amended complaint within seven days of its April 11, 2023 Order. (Id.)

Also on April 11, 2023, Plaintiffs filed a second motion for leave to amend their complaint and to add the United States as a party. (Doc. 27.) On April 25, 2023, Defendant Pflieger responded in opposition to Plaintiffs' second motion (Doc. 31) and filed a second motion to dismiss the original complaint and for more definite statement(Doc. 30). On May 5, 2023, Plaintiffs replied to Defendant Pflieger's second motion to dismiss and motion for more definite statement and filed a motion for extension of time to amend. (Docs. 33, 34.)

Despite Plaintiffs' failure to comply with the Federal Rules of Civil Procedure concerning amendment and lack of good cause for their delay in moving to amend, the Court allowed Plaintiffs to amend to add the United States as a party to prevent duplicative litigation and denied Defendant Pflieger's second motion to dismiss as moot. (Doc. 49, at 9-10.) On December 21, 2023, Plaintiffs filed their third amended complaint (the "complaint"). (Doc. 54.) The same day, Defendant Pflieger filed a third motion to dismiss. (Doc. 52.) On February 27, 2024, the United States filed a motion for more definite statement or in the alternative a motion to dismiss. (Doc. 69.) The United States contends Plaintiffs' complaint constitutes a shotgun pleading. (Id. at 1.) Plaintiffs opposes both Defendant Pflieger and the United States' motions. (Docs. 57, 73.)

## II. DISCUSSION

The United States moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) because Plaintiffs' complaint is a shotgun pleading. (Doc. 69, at 1.) For the reasons explained below, the Court agrees Plaintiffs' complaint is an impermissible shotgun pleading, and, in accordance with Eleventh Circuit precedent, will allow Plaintiffs one opportunity to amend their complaint.

**A. Legal Standard**

The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b). See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before . . . ." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought

against." Id. at 1323. A pleading need only qualify as one of these four types to be an impermissible shotgun pleading.

**B. Shotgun Pleading Analysis**

The United States asserts Plaintiffs complaint commits two of the shotgun pleading sins identified above. (Doc. 69, at 4-6.) First, the United States claims Plaintiffs violated the first sin because "each successive count contains all those alleged previously." (Id. at 4-5.) Second, the United States contends Plaintiffs violated the fourth sin because "Plaintiffs refer generally to 'Defendants' without clarifying which among the *seven* defendants is responsible for the underlying act or omission." (Id. at 5 (emphasis in original).) The United States also asserts that "Plaintiffs have failed to fully number their paragraphs as Rule 10(b) requires." (Id. at 7.)

Plaintiffs argue the "United States can reasonably prepare a response to Plaintiffs' . . . [c]omplaint as the allegations are not vague and ambiguous," but Plaintiffs also provide "a more definite statement," attach a proposed third amended complaint, and state they intend to replead their allegations in a third amended complaint. (Doc. 73, at 7; Doc. 73-1.) Plaintiffs, however, have not sought leave to amend their complaint as required by the Federal Rules.

The Court finds Plaintiffs' complaint is a shotgun pleading in violation of the first and fourth sins. First, Plaintiffs'

5

second and third "counts" begin by realleging and incorporating all prior paragraphs. (Doc. 54, ¶¶ 33, 41.) This commits the first shotgun pleading sin: adopting the allegations of all preceding counts, causing the following counts to carry all previous allegations and the last count to be a combination of the entire complaint. Weiland, 792 F.3d at 1321. Incorporating preceding paragraphs is not always frowned upon in a complaint, but what the Eleventh Circuit forbids is a complaint where "[t]he allegations of each count are . . . rolled into every successive count on down the line." Weiland, 792 F.3d at 1324. This is exactly what Plaintiffs' complaint does by incorporating the allegations under each specific count into later counts. Not only does this strategy "lead[] to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions," but it also makes it unclear which facts and claims are alleged against which Defendants. Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). This is the "cardinal sin" of shotgun pleading. Weiland, 792 F.3d at 1321 n.11.

Plaintiffs' complaint also violates the fourth sin: asserting multiple claims, seemingly against all Defendants, without clarifying which Defendants are responsible for which acts or which Defendants the claim is brought against. See Weiland, 792 F.3d at 1323. All three "counts" assert claims against all Defendants for

6

negligence, failure to comply with Occupational Safety and Health Administration ("OSHA") and other safety standards, and failure to comply with Army regulations and Georgia law, but do not set out how each of the seven Defendants are liable. (Doc. 54, ¶¶ 10-52.) While Count Three contains more specific allegations concerning the individual Defendants' liability, it still lumps multiple Defendants together and makes general references to all Defendants without specifying how each is liable. (Id. ¶¶ 41-52.) Furthermore, Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs." FED. R. CIV. P. 10(b). The Court notes Plaintiffs have failed to fully number their paragraphs as required by Rule 10. (Id. at 1-2.)

Shotgun pleadings "exact an intolerable toll on the trial court's docket . . . and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). Consequently, when a party files a shotgun pleading, the Eleventh Circuit instructs district courts to strike the pleading and direct that a new complaint be filed. Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018) (citation omitted). As required, the Court will give Plaintiffs one chance to fix their defective complaint. See Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) ("When faced with a shotgun pleading, a district court must *sua sponte* give the plaintiff at

7

least one chance to replead a more definite statement of her claims before dismissing her case with prejudice." (citing Vibe Micro, 878 F.3d at 1296)). If Plaintiffs fail to comply with the Court's Order, any "continued impermissible pleadings warrant dismissal with prejudice." Hirsch v. Ensurety Ventures, LLC, 805 F. App'x 987, 992 (11th Cir. 2020) (citation omitted); see also Cummings v. Mitchell, No. 20-14784, 2022 WL 301697, at *2 (11th Cir. Feb. 2, 2022) ("[D]istrict courts have inherent authority to control [their] docket[s] and, in some circumstances, dismiss pleadings that fail to conform with the Federal Rules of Civil Procedure." (citing Weiland, 792 F.3d at 1320)).

While Defendant Pflieger does not argue in her motion to dismiss that Plaintiffs' complaint constitutes a shotgun pleading, she does note some ambiguities in Plaintiffs' pleadings and conditionally moves for a more definite statement pursuant to Rule 12(e) regarding whether Anika Blankenburg was on the clock and working at the time she was injured. (Doc. 52-1, at 10-11.) However, as the Court has already explained Plaintiffs' complaint constitutes a shotgun pleading. In the Eleventh Circuit, the proper avenue when faced with a shotgun pleading is to "seek relief under Rule 12(e)." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 983 (11th Cir. 2008); Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001)). Indeed, "[i]f the defendant fails to request such relief, the district court is obligated to provide it

8

sua sponte." Davis, 516 F.3d at 984; Byrne, 261 F.3d at 1133). Because the Court finds the complaint constitutes a shotgun pleading, the Court allows amendment. Therefore, Defendant Pflieger's motion to dismiss is mooted. See Renal Treatment Ctrs.-Mid-Atl., Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, No. 608CV087, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) ("It is well-established that an amended complaint super[s]edes an original complaint and renders the original complaint without legal effect." (quoting In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) and citing Fritz v. Standard Sec. Life Ins., 676 F.2d 1356, 1358 (11th Cir. 1982)); see also Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint.").

Based on the foregoing, Plaintiffs are **ORDERED** to file a third amended complaint within **SEVEN (7) DAYS** of the date of this Order. Plaintiffs should ensure their third amended complaint complies with Rules 8(a)(2) and 10(b).[1] Specifically, in each count, Plaintiffs must state with specificity both the factual and legal basis for the claim with supporting facts that relate to each Defendant's liability. Additionally, although other numbered

---

[1] While Plaintiffs attached a proposed amended complaint to their response to the United States' motion, the Court cautions Plaintiffs that it should carefully review any amended complaint to make sure it complies with Rules 8(a)(2) and 10(b) and the Court's noted inadequacies as outlined herein.

9

paragraphs may be incorporated by reference, Plaintiffs must take particular care so that only relevant paragraphs are referenced. Plaintiffs should clarify which allegations apply to each specific Defendant instead of haphazardly grouping all Defendants in a single count. Finally, Plaintiffs should take care to number all their paragraph allegations. Based on the foregoing, the United States' motion for more definite statement is **GRANTED**. Because the second amended complaint will no longer be the operative pleading, the United States and Defendant Pflieger's motions to dismiss are **DENIED AS MOOT**. See Renal Treatment Ctrs., 2009 WL 995564, at *1; Malowney, 193 F.3d at 1345 n.1.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the United States' motion for a more definite statement or alternatively to dismiss (Doc. 69) is **GRANTED IN PART AND DENIED AS MOOT IN PART** and Defendant Pflieger's third motion to dismiss (Doc. 52) is **DENIED AS MOOT**. Plaintiffs are **DIRECTED** to file an amended complaint within **SEVEN (7) DAYS** of the date of this Order in compliance with the Court's instructions as outlined above.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of May, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA