IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ANIKA BLANKENBURG and SASCHA        *
BLANKENBURG,                         *
                                     *
        Plaintiffs,                  *
                                     *        CV 122-156
        v.                           *
                                     *
FORT GORDON SPOUSES AND              *
CIVILIAN CLUB, INC., et al.,         *
                                     *
        Defendants.                  *
                                     *

_____

O R D E R

_____

Plaintiffs bring this personal injury action against Fort Gordon Spouses and Civilian Club, Inc. ("FGSCC"), Kira Sanders, Kathleen Hersey, Lori Pflieger, Rebecca Papke, United States of America, Jane Doe, and John Doe. (Doc. 77, at 1.) Defendants Sanders, Hersey, and Pflieger (collectively, "Moving Defendants") move to dismiss Plaintiffs' Third Amended Complaint's (the "Complaint") claims against them. (Doc. 80.) For the following reasons, the Moving Defendants' motion is **GRANTED**.

## I. BACKGROUND

Anika Blankenburg ("A. Blankenburg") and her husband Sascha Blankenburg ("S. Blankenburg") (collectively, "Plaintiffs") are German citizens. (Doc. 77, at 2.) At all relevant times, S.

Blankenburg was assigned by the German government to serve as a liaison officer at Fort Gordon, Georgia, and Plaintiffs resided in Columbia County, Georgia. (Id.) Also during this time, A. Blankenburg was employed at the Fort Gordon Thrift Shop (the "Shop"), a consignment store located at Fort Gordon. (Id. at 1, 6.) According to Plaintiffs, the Shop was "operated, managed, maintained, and/or controlled" by Defendant FGSCC, Defendant Papke, and the Moving Defendants. (Id. at 2.) More specifically, Plaintiffs allege the Moving Defendants operated the Shop by virtue of their positions with FGSCC: Defendant Sanders served as President of FGSCC, Defendant Hersey served as principal advisor of FGSCC, and Defendant Pflieger served as chief executive officer of FGSCC. (Id.)

Plaintiffs allege that on or about January 22, 2021, while working at the Shop, A. Blankenburg was "directed, commanded, or ordered" by Moving Defendants, collectively with Defendant Papke, to paint a piece of furniture at the Shop.[1] (Id. at 9.) While she was painting the furniture, it tipped over and fell, striking her in the head, shoulder, and back and trapping her for about thirty minutes until another employee found her and eventually,

---

[1] Specifically, the Complaint alleges "Plaintiff Annika Blankenburg was supervised by the Individual Defendants and directed, commanded, or ordered by the Individual Defendants to paint the Subject Furniture within the building of the Thrift Shop." (Doc. 77, at 9.) The Complaint defines "Individual Defendants" as Defendants Papke, Sanders, Hersey, and Pflieger, and throughout the Complaint, Plaintiffs lodge nearly all material factual allegations against the "Individual Defendants" as a collective group. (Id. at 3.)

with the assistance of S. Blankenburg, lifted the furniture off her. (Id.) Apparently, unbeknownst to A. Blankenship at the time, the furniture was "not properly secured, anchored, or tethered," creating a defective condition in the Shop. (Id. at 9.) Plaintiffs allege the unsecured piece of furniture was previously identified as a defective condition during a safety inspection that took place approximately nine years prior to this incident in 2012, but it was never secured. (Id. at 7.)

Following this incident, Plaintiffs brought the present action seeking damages for the injuries sustained by A. Blankenburg, as well as compensation for S. Blankenburg's loss of consortium and loss of services. (Id. at 29.) Plaintiffs filed the Complaint on May 21, 2024. (Id.) In response, the Moving Defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 80.) Plaintiffs responded in opposition (Doc. 86), and the Moving Defendants replied in support (Doc. 89). The motion is now ripe for the Court's review.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule

of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the – defendant – unlawfully – harmed - me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 545. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. <u>Id.</u> at 679. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." <u>Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993) (citing <u>Exec. 100, Inc. v. Martin Cnty.</u>, 922 F.2d 1536, 1539 (11th Cir. 1991)).

### III. DISCUSSION

Plaintiffs bring two claims against the Moving Defendants. (Doc. 77., at 15-21.)  Count II asserts a claim for "Negligence/Gross Negligence/Recklessness" against the Moving Defendants and Defendant Papke.  (Id. at 15-16.)  Specifically, the Complaint alleges these Defendants had notice of the defective condition of the furniture, instructed A. Blankenburg to paint the furniture, and assured her the surrounding area was safe.  (Id.) Count III asserts a claim for "Failure to Comply with Applicable Law and Regulations" against the Moving Defendants, Defendant Papke, and Defendant FGSCC.  (Id. at 19.)  It asserts FGSCC and its agents, the Individual Defendants, violated Georgia law and "Army Regulations 210-22" by failing to secure workers' compensation insurance and violated the Occupational Safety and Health Act ("OSHA") by not ensuring the workplace was safe and free from recognized hazards.  (Id. at 20-21.)  The Complaint asserts the Moving Defendants are liable because they were "officers, directors, managers, and/or principals of FGSCC" and "FGSCC's agents."  (Id. at 19-20.)

The Moving Defendants move to dismiss both counts, arguing Plaintiffs fail to state a claim against them because "[w]orkers' compensation is the exclusive remedy of employees against employers for work-related injuries."  (Doc. 80-1, at 4 (quoting Coker v. Great Am. Ins. Co., 659 S.E.2d 625, 627 (Ga. Ct. App.

2008).)  Plaintiffs disagree, arguing they have a right to sue the
Moving Defendants in tort because the Moving Defendants failed to
comply with Georgia's Workers' Compensation Act ("WCA") and
engaged in "affirmative acts" by ordering A. Blankenburg to paint
the shelf.  (Doc. 86, at 2.)

## A. Plaintiffs' "Negligence/Gross Negligence/Recklessness" Claim

The Court first addresses Plaintiffs' claim for negligence,
gross negligence, and recklessness.  (Doc. 77, at 15-19.)  In the
context of recovery for work-related injuries,

> [u]nder Georgia law, 'the rights and the remedies
> granted to an employee by workers' compensation shall
> exclude all other rights and remedies of such
> employee at common law or otherwise, on account of such
> injury, provided, however, that no employee shall be
> deprived of any right to bring an action against any
> third party tortfeasor, *other than an employee of the*
> *same employer.*'

Haysman v. Food Lion Inc., 893 F. Supp 1092, 1111 (S.D. Ga. 1995)
(alterations adopted) (quoting O.C.G.A. § 34-9-11(a)); see also
Betts v. Medcross Imaging Ctr., Inc., 542 S.E.2d 611, 613-14 (Ga.
Ct. App. 2000) ("OCGA § 34-9-11(a) provides that the rights and
remedies of an employee under the [WCA] against his or her employer
for a work-related injury exclude all other remedies at common law
or otherwise for such injury, loss of service or death.").  This
exclusivity provision extends to claims brought by an employee's
"personal representative, parents, dependents, or next of kin."
O.C.G.A. § 34-9-11(a).  Nonetheless, work-related injury claims

against employers may fall outside of the scope of this immunity in very limited circumstances; the Court expands on those relevant to this action in turn.

### 1. Failure to Procure Workers' Compensation Insurance Coverage

One such example arises when, as is alleged here, the employer or its agents fail to carry out their duties under the WCA. Because of the "quid pro quo policy" underlying the WCA, if an employer or its agents fails to carry out the duties imposed upon them by the WCA, an employee may be permitted to pursue a claim at law against them. Samuel v. Baitcher, 274 S.E.2d 327, 329 (Ga. 1981) ("It is not reasonable or just to hold that an employer's agents may fail or refuse to perform duties imposed upon them by the statute and at the same time rely upon the statute to escape the consequences of their failure to act properly."). However, such circumstances are limited to situations where a valid claim was made under the WCA, a valid award was granted by the Workers' Compensation Board, and but for the employer's agents' failure to carry out their duties under the WCA (namely, procuring insurance coverage), the award would have been collected. Id.

The Moving Defendants argue Plaintiffs have waived their claims because relief under the WCA, their exclusive right to relief, is time-barred and stale. (Doc. 80-1, at 5.) Plaintiffs argue that because the Moving Defendants, as agents of FGSCC,

failed to procure insurance, Counts II and III are not barred by the exclusivity provision of the WCA. (Doc. 86, at 4-7.) The Moving Defendants disagree, arguing there are no facts alleging they were responsible for procuring the insurance and, further, there is no evidence Plaintiffs were awarded a judgment by the Workers' Compensation Board. (Doc. 80-1, at 5-7.)

After a thorough review of the pleadings, the Court finds there is no indication Plaintiffs ever brought a claim to, let alone obtained a judgment from, the Workers' Compensation Board. (See Doc. 77.) Moreover, their time to do so has lapsed. O.C.G.A. § 34-9-82 ("The right to compensation shall be barred unless a claim therefor is filed within one year after the injury"). The Supreme Court of Georgia's decision in Baitcher turned on the fact the employee was "attempting to collect a judgment based on the award of the Workers' Compensation Board," not attempting to pursue a remedy outside of the WCA. 274 S.E.2d at 328 (noting "[t]his is not a case where an injured employee is seeking damages for failure of the employer to provide a safe work place or otherwise negligently causing an on-the-job injury"). Here, Plaintiffs are not seeking to enforce an award procured under the WCA, but rather are seeking to bypass doing so and pursue an alternative remedy. Thus, the exclusivity provision of the WCA bars their claims against the Moving Defendants despite FGSCC's alleged failure to obtain workers' compensation insurance. Because of this, the Court

8

need not address the Moving Defendants' additional argument that Plaintiffs insufficiently alleged they were the individuals responsible for procuring such insurance.

2. Affirmative Act Causing or Increasing Risk of Injury

An employee may bring a legal claim for work-related injury despite O.C.G.A. § 34-9-11(a)'s exclusionary provision when a supervisor "commits an affirmative act causing or increasing the risk of injury to another employee." Pardue v. Ruiz, 429 S.E.2d 912, 914 (Ga. 1993). Conduct constituting an "affirmative act" includes giving orders requiring the employee to put themselves in a position where they are subject to a greater risk of injury, Borochoff v. Fowler, 105 S.E.2d 764, 767 (Ga. App. Ct. 1958), or offering false assurances a particular area is safe for work, Padgett v. CH2M Hill Southeast, Inc., 866 F. Supp. 560, 562 (M.D. Ga. 1994). To fall within this exception, a supervisor must engage in an affirmative breach of duty, rather than an act of passive negligence. Vaughn v. Jernigan, 242 S.E.2d 482, 483 (Ga. App. Ct. 1978); Pardue, 429 S.E.2d at 913. "Where . . . the duty breached by the supervisor is a nondelegable duty of general supervision or of providing a safe workplace, the employee shares in his employer's tort immunity." Pardue, 429 S.E.2d at 913.

The Moving Defendants argue Plaintiffs' claim does not fall within this exception because Plaintiffs fail to allege the Moving Defendants personally participated in A. Blankenburg's injuries.

(Doc. 80-1, at 7.)    Plaintiffs argue the Complaint "clearly establishes conduct subject to the Pardue exception."    (Doc. 86, at 8.)    Specifically, Plaintiffs rely on their allegation that, "[o]n January 22, 2021, . . . Annika Blankenburg was supervised by the Individual Defendants and directed, commanded, or ordered by the Individual Defendants to paint the Subject Furniture within the building of the Thrift Shop."    (Doc. 77, at 9.)

Preliminarily, to the extent Plaintiffs argue the Moving Defendants breached their duty of general care by failing to maintain a safe premises, such a claim falls outside of the Pardue exception because the duty to maintain a safe premises is non-delegable, so the Moving Defendants share in the immunity of their employer.    429 S.E.2d at 914 ("[W]here negligence is based on a general non-delegable duty of the employer (such as supervision and safety), the supervisory employee shares in the immunity of the employer.").

With respect to Plaintiffs' allegation that the Moving Defendants engaged in an affirmative act because they "directed, commanded, or ordered," the Court finds this naked assertion insufficient to sustain a claim against them.    (Doc. 77, at 9.) "[S]tating a claim does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Tolbert v. Trammell, No. 2:13-cv-2108, 2014 WL 3892115, at *9 (N.D. Ala. Aug. 4, 2014) (citing Iqbal, 556 U.S. at 679) (internal quotation marks

omitted). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. Iqbal, 556 U.S. at 678 (citation omitted).

In Borochoff, the plaintiff alleged a particular defendant instructed him to continue engaging in an unsafe activity when he inquired with that defendant about protective gear. 105 S.E.2d at 766. Similarly, in Padgett, the court found the defendant who personally stated to the plaintiff an area was safe engaged in an "affirmative action," while the defendant who merely instructed the area be fixed did not. 866 F. Supp. at 562. Here, Plaintiffs do not allege any Moving Defendant made a specific statement to A. Blankenburg regarding the incident, or even that she interacted with any Moving Defendant at all. (See Doc. 77.) Rather, Plaintiffs make a blanket allegation that four individuals collectively "directed, commanded, or ordered" her to paint a piece of furniture, without anything more. (Id. at 9.) This "threadbare recital[]" is insufficient to show the Moving Defendants engaged in an affirmative action. Iqbal, 556 U.S. at 678. "Pleadings that fail to state a claim are not entitled to discovery to improve their factual foundation." Tolbert, 2014 WL 3892115, at *9 (citation omitted). Thus, Plaintiffs fail to state a claim against the Moving Defendants for negligence, gross negligence, and

recklessness. Because Plaintiffs fail to state a claim, the Moving Defendants motion to dismiss Count II against them is **GRANTED.**

## B. Plaintiffs' Claim for Violations of Various Regulations

Plaintiffs bring a separate claim against the Moving Defendants for violations of the WCA, Army Regulations, and OSHA. (Doc. 77, at 19-21.) While such regulations do not expressly grant a private cause of action, under Georgia law,

> [w]hen the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.

O.C.G.A. § 51-1-6. However, claims brought pursuant to this statute, which codifies common law negligence per se, are similarly barred by the WCA's exclusivity provision. O.C.G.A. § 34-9-11(a); see R&R Insulation Servs., Inc. v. Royal Indem. Co., 705 S.E.2d 223, 231 (Ga. Ct. App. 2010) ("The violation of certain mandatory regulations may also amount to negligence per se if the regulations impose a legal duty.")

The Moving Defendants argue Plaintiffs' claim for regulatory violations also fails because it is barred by the WCA. (Doc. 80-1, at 9.) Plaintiffs, relying on the same arguments set forth above, assert these claims also fall within the Baitcher and Pardue exceptions to the exclusivity provision. (Doc. 86, at 10.) However, for the aforementioned reasons, the Court finds these

claims fall outside of the scope of the named exceptions to O.C.G.A. § 34-9-11(a)'s exclusivity provision. As such, Plaintiffs fail to state a claim against the Moving Defendants and the Moving Defendants' motion to dismiss (Doc. 80) is **GRANTED.**

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Moving Defendants' motion to dismiss (Doc. 80) is **GRANTED.** The **CLERK** is **DIRECTED** to **TERMINATE** Defendants Sanders, Hersey, and Pflieger as Parties to this action.

**ORDER ENTERED** at Augusta, Georgia, this ⸺ day of February, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA